UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLYDE GERBRICK,

                          Plaintiff,

-against-

GREEN HAVEN CORRECTIONAL FACILITY, MEDICAL DEPARTMENT

                          Defendant.

24-CV-7063 (JGLC)

**ORDER OF SERVICE**

---

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff, who is a transgender female currently incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Green Haven medical staff have denied her hormone medication and a shower permit. ECF No. 1. By order dated October 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] ECF No. 6. For the reasons set forth in this order, the Court dismisses the claims brought against Defendant Green Haven Correctional Facility, directs the Clerk of Court to add to the caption of this complaint John Does #1-#5, directs the New York State Attorney General to identify the individuals who are responsible for Plaintiff's medical treatment and request for a shower permit, and directs the Attorney General to provide those individuals' names and service addresses to the Court and Plaintiff.

**STANDARD OF REVIEW**

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Green Haven Correctional Facility**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the Green Haven Correctional Facility, a prison operated by a New York State instrumentality – the New York State Department of Correction and Community Supervision ("DOCCS") – are therefore barred by the Eleventh Amendment and are dismissed.[2]

---

[2] Plaintiff also cannot state a claim against Green Haven because it is not a person with the capacity to be sued under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

**B.    John Doe Defendants**

In light of Plaintiff's *pro se* status, and clear intention to name the individuals responsible for her medical care, the Court directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to add to the caption of the complaint John Does #1-#5. This amendment is without prejudice to any defenses the John Doe defendants may wish to assert in the future.

**C.    *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the individuals who are responsible for Plaintiff's medical care and request for a shower permit. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[3] The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[3] The Court recognizes that the Attorney General may identify fewer than, or more than, five individuals. The addition of these Doe defendants acts only as a placeholder.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Green Haven Correctional Facility, Medical Department. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court directs the Clerk of Court to add to the caption of the complaint Defendants John Does #1-#5. *See* Fed. R. Civ. P. 21.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: November 20, 2024
      New York, New York

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge