UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLYDE GERBRICK,

                         Plaintiff,

-against-

GREEN HAVEN CORRECTIONAL FACILITY, et al.,

                         Defendants.

24-CV-7063 (JGLC)

**ORDER OF DISMISSAL**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff Clyde Gerbrick filed this action on September 16, 2024. ECF No. 1. An Order of Service ("Order") was issued on November 20, 2025, which directed the New York State Attorney General to identify the John Doe defendants responsible for Plaintiff's medical treatment and request for a shower permit, and to provide those individuals' names and service addresses to the Court and Plaintiff. ECF No. 8. On January 15, 2025, the Office of the Attorney General ("OAG") requested an additional thirty days to respond to the Order, which the Court granted. ECF Nos. 10, 11. On February 18, 2025, OAG submitted a letter to the Court explaining that, although it received Plaintiff's medical file, it was unable to identify any individuals who were responsible for Plaintiff's medical care and request for a shower permit in connection with the claims in the instant action. ECF No. 12. In response, the Court directed Plaintiff to respond to OAG's letter by March 18, 2025, and directed the parties to file a joint status letter on April 9, 2025. ECF No. 14. On April 9, 2025, OAG submitted a letter to the Court stating that is had not received any response from Plaintiff and had been unable to identify any John Doe defendants. ECF No. 15. On April 10, 2025, the Court ordered Plaintiff to respond to OAG's letter seeking additional information by April 24, 2025, and warned Plaintiff that failure to do so may result in dismissal of this action for failure to prosecute. ECF No. 16. On May 6, 2025, OAG submitted a

letter to Court stating that is had not received any communication from Plaintiff since March 10, 2025, and was therefore unable to identify any John Doe defendants. ECF No. 17. On May 7, 2025, the Court ordered Plaintiff to respond to OAG's letter seeking additional information by June 7, 2025, and stated that failure to do so would result in dismissal of the action. ECF No. 18. The letter was mailed to Plaintiff at Attica Correctional Facility on May 8, 2025. As of today's date, Plaintiff has not responded to the Court's May 7, 2025 order, nor has she otherwise indicated that she intends to pursue this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court considering dismissal under Rule 41(b) must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id*

Here, the factors weigh in favor of dismissal. Plaintiff's absence has prevented the litigation from proceeding for several months. This Court also provided Plaintiff with ample opportunity, through multiple extended response deadlines, to resume litigating this action. That delay will continue to prejudice Defendants, who cannot adequately defend this litigation

without identification of the John Doe defendants responsible for Plaintiff's medical treatment and request for a shower permit. Moreover, the Court already attempted to balance Plaintiff's opportunity to be heard with management of its docket by first providing an opportunity for Plaintiff to explain her delay in providing the requested information. In short, because the Court has not received any response from Plaintiff, including any indication that she intends to pursue the case, dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

Dated: June 26, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge